## J. R. KENNADY v. P. H. JORDAN.

**Principal and Agent — Good Faith — Fraud.**

> Where appellant pretended to sell whiskey for appellee at $1.50 per gallon to induce him to accept the supposed price under the mistaken belief, wrongfully induced by appellant, that he had in good faith sold the whiskey at that price to Smith, with the intention to profit by this imposition, and the appellant did so profit by the sale of the whiskey at a greatly advanced price. *Held*, that appellee could recover the value of the whiskey at the time of the pretended sale from appellant and those in combination with him in the perpetration of the fraud.

APPEAL FROM ANDERSON CIRCUIT COURT.

February 16, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

The appeal in this case brings before us for revision a judgment in favor of the appellee against the appellants, Kennady, and F.

G. and J. H. Matheny, for $1,200, with interest from the 1st day of June, 1866.

The material question, which was one of fact, appears to have been whether Kennady in good faith sold for the appellee the thirty-seven barrels of whiskey, or the remainder thereof, while in his possession, upon storage, at the price of $1.50 per gallon, for which he accounted to the appellee, or merely pretended to have so disposed of the whiskey to Smith, or Smith & Hanly, to induce the appellee to accept the supposed price of $1.50 per gallon for the whiskey, in order that he and said Mathenys in fraudulent combination with him might avail themselves of it by accounting for it at that price.

It satisfactorily appears from the evidence that the appellee accepted from Kennady an account of the whiskey, at the price of $1.50 per gallon, under the mistaken belief, wrongfully induced by Kennady, that the latter had in good faith sold the whiskey for him at that price to Smith, and the evidence tending to show a combination between F. G. and J. H. Matheny and Kennady to profit by this imposition, and that they did so profit by a sale of the whiskey at a greatly enhanced price, seems to us to have been sufficient to authorize the finding of the jury.

We do not perceive that any error was committed to the appellant's prejudice, in the admission of evidence to the jury, with the restrictions and qualifications which the court imposed, as to its application to the issues between the parties. Nor was there, in our opinion, any essential error in the giving, refusing, or modifying of instructions, and on the whole it seems to us the motion for a new trial was properly overruled.

Wherefore, the judgment is affirmed with damages.